IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-145-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MICHAEL WAYNE HAMMERBERG, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's *pro se* motion to defer payment of criminal monetary penalties (DE 28), which this court construes in part as a motion to modify the court's judgment, and in other part as a motion challenging the execution of his sentence while incarcerated in this district, pursuant to 28 U.S.C. § 2241. The government has responded in opposition. In this posture the issues raised are ripe for ruling.

BACKGROUND

On August 15, 2013, defendant pleaded guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced on December 19, 2013, to a term of imprisonment of 82 months. The court imposed criminal monetary penalties comprising an assessment of $100.00 and a fine of $1,500.00, both made due immediately, but interest on the fine was waived after the court determined that defendant did not have the ability to pay interest. (Judgment at 5-6 (DE 25)). In addition, in the absence of this court's express order otherwise in the judgment, defendant's payment of his criminal monetary penalties is due during his imprisonment. (Id. at 6). Payments can be made to the clerk of the court or through the Inmate Financial Responsibility Program ("IFRP"). (Id.)

Defendant filed the instant motion in the form of a handwritten letter, wherein he seeks to defer payment of his criminal monetary penalties until he is on supervised release. He states that jobs are scarce in prison because of high demand. He indicates the small amount of money he receives he uses to purchase personal hygiene products and telephone access to speak with family members. According to defendant, if an inmate cannot afford to make payment towards his criminal monetary penalties, he is placed on IFRP refusal status, charged a monthly maintenance fee of $5.25, and made ineligible for certain programs. In addition, he indicates being placed on IFRP refusal status would prevent him from being able to transfer to a prison in Michigan, which is closer to his elderly parents.

In opposition, the government argues that the court has no authority to amend the judgment by modifying the payment schedule, absent statute or rule allowing for amendment. In addition, the government contends defendant's motion is a challenge to the way in which the Bureau of Prisons ("BOP") is administering the IFRP, which properly can be asserted only through exhaustion of administrative remedies, followed, if necessary, by a separate action under the Administrative Procedures Act, or an action under 28 U.S.C. § 2241 challenging the execution of his sentence.

DISCUSSION

A.  Motion to modify judgment

As noted above, defendant suggests that the court should be able to modify the original judgment to defer his payment obligations while incarcerated. The court, however, lacks authority to modify the criminal monetary penalties in the judgment if not allowed to do so by statute or rule. See Dillon v. United States, 560 U.S. 817, 824 (2010); United States v. Roper, 462 F.3d 336 (4th Cir.2006); United States v. Leary, 2:12-CR-27-BO-5, 2014 WL 1899010 (E.D.N.C. May 12, 2014)

2

(denying motion to modify original judgment to clarify amount of payments under IFRP). Defendant has cited no statute or rule allowing for a modification of the judgment as requested by defendant. Accordingly, the motion to modify judgment must be denied.

B.    Section 2241 motion challenging execution of sentence.

Defendant also suggests that BOP improperly is executing his sentence and should be ordered to modify requirements of the IFRP. Such a claim challenging the execution of a fine or restitution order properly is construed as a petition for habeas corpus relief under 28 U.S.C. § 2241. Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005). A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Woodford v. Ngo, 548 U .S. 81, 88–89 (2006); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir.2004) (per curiam). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445. Defendant has not asserted any cause and prejudice for his failure to exhaust administrative remedies.

BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP–11 form. See 28 C.F.R. § 542.15.

In addition, the court refers defendant to the government's summary of the BOP regulations and policies governing administration of the IFRP, which as detailed in the government's response

3

set a standard payment from an inmate's trust fund account of $25 per quarter where net deposits do not exceed $450.00 per quarter.

In sum, petitioner's § 2241 petition will be dismissed without prejudice to allow him the opportunity to exhaust his administrative remedies, if he chooses to do so.

## CONCLUSION

Based on the foregoing, defendant's motion to modify his payment schedule is DENIED, and defendant's § 2241 motion challenging the execution of his sentence is DISMISSED WITHOUT PREJUDICE to allow defendant the opportunity to exhaust his administrative remedies.

SO ORDERED, this the 18th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Court Judge